IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES SPROUL, | : | |
|     PLAINTIFF | : | CIVIL ACTION |
| | : | JURY TRIAL DEMANDED |
| VS. | : | |
| CITY OF PHILADELPHIA; | : | |
| OFFICERS CHARLES GREBLOSKI | : | |
| BADGE NUMBER 2844 and OFFICER | : | |
| MARTIN, BADGE NUMBER | : | |
| UNKNOWN | : | |
| INDIVIDUALLY AND AS POLICE | : | |
| OFFICERS FOR THE CITY OF | : | |
| PHILADELPHIA | : | |
| C/O LAW DEPARTMENT | : | |
| 1515 ARCH STREET | : | |
| PHILADELPHIA, PA 19102, | : | |
|     DEFENDANTS | : | |

## COMPLAINT
### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983. Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. Section 1367(a) to hear and adjudicate state law claims.

### PARTIES

2. Plaintiff, James Sproul is a resident of Philadelphia and at all times relevant to this action was present in Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs defendants Greblaski and Martin.,

4. Defendants, Greblaski and Martin (hereinafter "the defendant officers") are police

officers for the Philadelphia Police Department acting under color of state law. They are being sued in his individual capacity.

5. At all relevant times, the actions and conduct of all defendants deprived plaintiff, James Sproul of his constitutional and statutory rights.

## FACTUAL ALLEGATIONS

6. On the afternoon of July 8, 2011, plaintiff, James Sproul was lawfully operating a motor vehicle on the 2600 block of Frankford Avenue in the City and County of Philadelphia.

7. At that time and place, the plaintiff was stopped for valid reason by the defendant officers who were on duty as a Philadelphia Police Officers and asserting their authority to act under state law.

8. Plaintiff was, without cause or justification, detained, questioned and ordered to exit his vehicle. Plaintiff was then ordered to place his hands on the window of his driver's side back door, instructed to spread his legs and then was subjected to contact by the defendant officers said contact including a search and seizure . Plaintiff was then ordered/instructed by the defendant officers to sit in the rear of the defendant officers' patrol vehicle. After entering the rear of the patrol vehicle, the door was closed by the defendant officers despite plaintiff's verbal protestation. Defendant officer Grebloski then entered the patrol vehicle rear passenger side sitting next to plaintiff and questioning plaintiff while defendant officer Martin commenced an unjustified, unreasonable and volatile search of plaintiff's vehicle.

9. Without cause or justification, the defendant officers then arrested/detained the plaintiff, searched him, and detained him for an extended period of time, all of which caused the plaintiff to sustain additional harm.

10. Defendant officers Grebloski and Martin then drove their patrol vehicle down the street and into a private gas station parking lot with plaintiff in the rear of the vehicle. Defendant officers Grebloski and Martin then interrogated plaintiff while still detaining him, unlawfully, in their patrol vehicle.

11. The defendant officers then released Mr. Sproul from custody and no formal criminal charges were filed against him.

12. Plaintiff did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia or engage in any conduct which justified the actions of defendant officers.

13. The use of force by the defendant officers in this case was the direct result of the defendants' pattern, practice and custom of subjecting citizens such as the plaintiff to unreasonable and/or excessive force in the absence of probable cause and/or in the absence of adequate grounds to support the use of such force as was employed in this case.

14. Defendant Officers Grebloski and Martin had no grounds for stopping plaintiff for any alleged traffic infraction, nor were they authorized, empowered or justified in using any form of force and all actions on the part of said officers was unreasonable and exceeded that which was lawfully and necessary under the circumstances of this case.

15. The defendant officers acted wilfully, deliberately, maliciously or with reckless disregard of the plaintiff's constitutional and statutory rights.

16. As a direct and proximate result of the actions of all of the defendants, the plaintiff suffered physical and psychological harms, pain and suffering.

17. Defendants engaged in the aforesaid conduct for the purpose of violating the plaintiff's constitutional rights by subjecting the plaintiff to the unreasonable or excessive use of force.

## FIRST CAUSE OF ACTION

## FEDERAL CIVIL RIGHTS VIOLATIONS

18. Plaintiff incorporates by reference paragraphs 1-17 of the instant Complaint.

19. As a direct and proximate result of all defendants' conduct, committed under color of state law, Plaintiff, James Sproul was deprived of the right to be free from the unreasonable use of force. Plaintiff was also deprived of the rights to be secure in one's person and property, and to due process of law. As a result, the plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments, and 42 U.S.C. Section 1983.

20. As a direct and proximate result of the acts of all defendants, the plaintiff sustained physical injuries, emotional; harm and loss of liberty, all to his detriment and harm.

21. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. The use of force by police officers;

    b. The proper exercise of police powers, including but not limited to the use of unreasonable or excessive force, particularly in connection with perceived challengesd to police authority;

    c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers.

    d. The failure to identify and take appropriate remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e.    Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties; and

f.    The failure of police officers to follow establish policies, procedures, directives and instructions regarding the use of force under such circumstances as presented in this case.

22.    The City of Philadelphia has, with deliberate indifference, failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia Police officers, including the defendant officers in this case, to violate the rights of individuals such as the plaintiff.

23.    Defendants have by the above described actions deprived the plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. Section 1983.

## SECOND CAUSE OF ACTION

## SUPPLEMENTAL STATE CLAIMS

24.    Plaintiff incorporates by reference paragraphs 1-23 of the instant complaint.

25.    The acts and conduct of the individual defendant officers in this cause of action constitute assault and battery, false arrest and false imprisonment under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

    a.    Compensatory damages as to all defendants;

    b.    Punitive damages as to the individual defendants;

    c.    Reasonable attorney's fees and costs as to all defendants;

    d.    A jury trial as to each defendant and as to each count.

/S/MARK FEINMAN, ESQUIRE
Attorney I.D. No.: 40322
8171 Castor Avfenue
Philadelphia, PA 19152
(215) 742-9050
**Counsel for Plaintiff**